JOSEPH REEVES *vs.* WILLIAM B. WALLACE.

*Error from Lauderdale County Court.*

Where A. in consideration of work and labor to be performed by B. co-
venants to convey land to B, and B. ascertaining A. has no title, aban-
dons the contract before its completion; he cannot in the common
count on *quant. val.* recover for the work actually performed.

Trespass on the case for work and labor.

The plaintiff brought his action to recover of the defen-
dant, for clearing and grubbing between ten and twenty acres
of land. It came up in proof that there was a written agree-
ment between the parties, as to clearing the land now in
question ; and on its production, it appeared, that in consi-
deration of certain clearing, fencing, &c. to be performed by
the plaintiff, the defendant had undertaken to convey a cer-
tain portion of land therein mentioned, to the plaintiff. Plain-
tiff offered in excuse for abandonment of this contract, to
prove that the defendant had no title to the land which he
had undertaken to convey : but the court held that this ac-
tion did not lie, there being a written agreement, to which
the plaintiff should resort. The plaintiff excepted to the
opinion of the court, and assigns the same for error here.

WM. B. MARTIN, for Plaintiff—
Cited 1 *Comyn,* 249—1 *Conn. R.* 175—1 *Caine's R.* 47—
19 *John.* 205—4 *Cranch,* 421.

HOPKINS, *contra.*—4 *Cranch,* 239—240—19 *John.* 205—
18 *John.* 451—1 *Chitty,* 98—1 *Bibb,* 595—2 *Mum.* 344—7
*John.* 132—12 *John.* 276—13 *John.* 94—1 *John.* 326.

By Mr. Justice THORNTON :

This was an action of assumpsit, with the common counts, for work and labor done, &c. It appeared in evidence that there was a covenant entered into between the plaintiff and defendant, in which the latter covenanted to convey to the former by general warranty deed, a certain quantity of land therein mentioned, in consideration of certain clearing and fencing of other lands being first done and performed. This work and labor was that for which the plaintiff now sought to recover remuneration. It does not appear that the defendant was invested with the title to the land which he had covenanted at a future time to convey to the plaintiff. The plaintiff performed a portion of the work, and for that portion now sought to recover in the present action. The court instructed the jury, that this suit would not lie if they believed the work and labor now sued on, was the same mentioned in the covenant, and commenced under it.

The question of law presented by the assignment of error, is whether, when a covenant is entered into between parties, whereby one covenants that he will do a certain act at a future time, in consideration of the performance by another of certain other act, as work and labor, and the act first to be performed is entered into and abandoned, without any new contract, or fraud alleged and proved in the covenant, the party so abandoning the work before its completion, can recover in the common counts, upon a *quantum valebat*. I feel satisfied he cannot. If there had been a fraud practised by the defendant, either in the execution or consideration of the covenant—or if it had been rescinded by the parties, then by a special action on the case ; or in case of a rescission, perhaps on the common counts, a recovery might be had ; but whilst the covenant remains in force, as it did for aught that appears in the case, it must constitute the foundation of the action, and be declared on.

Judgment affirmed.